UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM R. WHITE and
JAMES NEWELL WHITE III,

    Plaintiffs,

v.                                        CASE NO: 8:14-cv-2975-T-26MAP

IDEAGEAR, LLC, et al.,

    Defendants.
_____/

## O R D E R

**BEFORE THE COURT** is Defendants, Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, Randal Pike, Jessica Pike, Grant Mayfield, Darryl Mayfield, and Paul Freeman's Omnibus Motion to Dismiss the Amended Complaint or, in the Alternative, Require Plaintiffs to Provide a More Definite Statement (Dkt. 19), and Plaintiffs' Opposition (Dkt. 22).  After careful consideration of the allegations of the Amended Complaint (Dkt. 18), the applicable law, and the entire file, the Court concludes the motion should be granted in part and denied in part.

### PERTINENT ALLEGATIONS

       The amended complaint seeks relief against seven individuals and seven entities in this action arising out of the sale of a print shop previously owned by the Plaintiffs.  In

June 2003, Plaintiffs formed Ideagear, LLC, to own and operate a print shop.[1] Plaintiff owned and operated the print shop until June 10, 2014, when Ideagear, LLC, was sold to Grant Mason Holdings, Inc., and Grant Mason LLC.[2] The amended complaint alleges the facts leading up to the purchase, and the events that occurred after the purchase.

The Plaintiffs signed a letter of intent presented by the sellers on April 22, 2014.[3] Numerous misrepresentations were made by the individual Defendants, and Plaintiffs were unaware that the initial down payment made on June 10, 2014, was borrowed in the name of Ideagear, LLC.[4] According to the amended complaint, the Defendants had already defrauded owners of many other printing companies through a ponzi scheme based on the representation that they intended to acquire many printing companies to handle their large book of business.[5] In reality, the assets of the printing companies were taken, the credit of the printing companies was maxed out, the promises made to the Plaintiffs, such as providing health insurance, were not kept, and the obligations were not paid to the Plaintiffs as sellers, which left the Plaintiffs holding all the liabilities. Several loans were obtained in the name of Ideagear, LLC, and the Defendants made no payments

---

[1] See docket 18, para. 21.

[2] See docket 18, para. 22.

[3] See docket 18, paras. 43-45.

[4] See docket 18, para. 67.

[5] See docket 18, para. 24 and others.

on the loans and used the borrowed funds for personal gain.[6] Regions Bank is but one lender and holds a first priority lien in all the assets of Ideagear, LLC. The Plaintiffs are the personal guarantors on the loan.[7] Defaults on the Regions Bank and numerous other loans began occurring almost immediately after June 2014.[8]

In this motion to dismiss, five of the individuals and four of the entities request dismissal of the entire complaint because they argue that it represents a shotgun pleading. With respect to the individual counts, these Defendants contend that Count I fails to allege fraud with particularity, Count II fails to state a claim for relief for RICO pursuant to 18 U.S.C. § 1962, Count III for unjust enrichment fails to allege what benefit Plaintiffs conferred on each of the Defendants, Count IV fails to allege which agreements of several were breached and when the breaches occurred, Count V fatally alleges breach of five separate agreements in one count, and Count VI fails to state a claim for conversion on behalf of Ideagear, LLC, a third-party business entity. Finally, Defendants assert that Plaintiffs have no standing to bring Count VIII for judicial liquidation of Ideagear, LLC.

## STANDARD OF REVIEW

A motion for more definite statement under Federal Rule of Civil Procedure 12(e) is properly directed toward a pleading that "is so vague or ambiguous" that the

---

[6] See docket 18, paras. 92-100.

[7] See docket 18, para. 109.

[8] See docket 18, para. 104.

responding party cannot form a response. See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). The notice pleading requirements of Rule 8(a) are considered when evaluating a motion for more definite statement. See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) (instructing that Rule 12(e) should not be used to frustrate notice pleading policy).[9] Generally, Rule 12(e) is directed toward pleadings that lack "sufficient specificity to provide adequate notice." Barthelus v. G4S Gov't Solutions, Inc., 752 F.3d 1309, 1313 n.6 (11th Cir. 2014) (quoting Justice Stevens' dissent in Twombly, 550 U.S. at 590 n.9).

A complaint sought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), will survive the motion if it contains sufficient facts, which must be accepted as true,[10] to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rule 8 does not require detailed factual allegations, but the complaint must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions issued prior to October 1, 1981.

[10] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

**SHOTGUN PLEADING**

Defendants use the two vehicles set forth above to urge this Court to require the filing of a second amended complaint. On its own initiative, this Court previously ordered the Plaintiffs to replead, partly because each count incorporated by reference "the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."[11] Beginning with Count II and continuing through Count IX, Plaintiffs recite in the first paragraph of each count, "Plaintiffs hereby restate, re-allege and incorporate the above paragraphs as if fully set forth herein."[12] This practice requires the time-consuming sifting out of irrelevancies in each count. Plaintiffs obviously did not heed this Court's cautionary advice in its prior order in this case.[13] Accordingly, Plaintiffs must file another amended complaint.

**COUNT I**

Count I lists the five individual Defendants and two corporate Defendants sued for fraudulent misrepresentation. Defendants asserts that the allegations are not specific

---

[11] See docket 17 (quoting Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002)).

[12] See docket 18, paras. 144, 170, 179, 183, 187, 198, 202 & 206.

[13] Plaintiffs' assertion that the particularity of the facts in each count overcomes the presumption that the wholesale incorporation of every preceding paragraph into each count constitutes a shotgun pleading, is without merit. The Court finds that the facts alleged within each count are not so specific as to negate the confusion caused by the wholesale incorporation. The pleading in Natarajan v. Paul Revere Life Ins. Co., No. 8:04-cv-2612-T-17TGW, 2009 WL 1117405, at *4 (M.D. Fla. Apr. 24, 2009), is therefore distinguishable from the amended complaint here.

enough as to time, place, and substance, and that the allegations do not specify how the representations were false and how they caused harm to Plaintiffs. Defendants' reliance on Bill Buck Chevrolet, Inc. v. GTE Fla., Inc., 54 F.Supp.2d 1127, 1136 (M.D. Fla. 1999), however, does not require a repleading to comply with the specificity requirement for fraud. Defendants' example with respect to the allegations against Paul Freeman, likewise, does not require a repleading. The Court finds that Count I is sufficient to state the elements of a cause of action for fraudulent misrepresentation. See Butler v. Yusem, 44 So.3d 102, 105 (Fla. 2010) (listing the four elements of fraudulent misrepresentation as 1) a false statement of a material fact, 2) the representor's knowledge that the statement is false, 3) intention to induce another to act, and 4) consequent injury suffered by the party acting in reliance). Thus, Count I, as it does not violate the shotgun pleading requirement because it does not include a wholesale incorporation of all previous counts, stands.

## COUNTS II-IX

With Count II begins the wholesale incorporation of each preceding paragraph into each count, continuing throughout the entire complaint. In the repleading of Count II for RICO violations, Plaintiffs must describe, without the confusion caused by the shotgun pleading, the enterprise. See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 910 (11th Cir. 1996) (requiring plaintiff to replead claim under RICO to describe the enterprise). Count III for unjust enrichment, together with all the following counts, must also be

repleaded to rectify the lack of clarity caused by the inartful pleading. With respect to any confusion regarding the agreements breached in Counts IV and V, Plaintiffs will have the opportunity to replead those counts. Counts IV and V do not specifically refer to which exhibit represents the employment agreement or agreements and the various other agreements pled in each respective count, except for the fact that all of the previous paragraphs of the amended complaint are incorporated therein. Plaintiffs must clearly refer by exhibit which agreement or agreements are the subject of Counts IV and V. Plaintiffs should also plead what constitutes the breach or breaches, i.e., the failure to pay when due or whatever the breach may be. Count VI should be repleaded if Plaintiffs are contending that the stock transfer constitutes the unauthorized act giving rise to a claim for conversion brought by the Plaintiffs. Finally, Count VIII for judicial liquidation of Ideagear, LLC, pursuant to section 605.0702, Florida Statutes, stands only if Plaintiffs are members or managers of Ideagear, LLC. Fla.Stat., § 605.0702 (1)(b) ("In a proceeding by a manager or member if it is established . . ."). Count VIII should allege in what capacity Plaintiffs seek judicial liquidation.

    It is therefore **ORDERED AND ADJUDGED** as follows:

1)     Defendants, Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, Randal Pike, Jessica Pike, Grant Mayfield, Darryl Mayfield, and Paul Freeman's Omnibus Motion to Dismiss the Amended Complaint or, in the Alternative, Require Plaintiffs to

Provide a More Definite Statement (Dkt. 19) is **GRANTED** in part and **DENIED** in part.

2) Plaintiffs shall be granted this second opportunity to replead the amended complaint in accordance with this order within fifteen (15) days.

3) Defendants shall file their responses within fifteen (15) days of service.

**DONE AND ORDERED** at Tampa, Florida, on April 28, 2015.

        s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record