UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM R. WHITE and JAMES NEWELL
WHITE, III,

    Plaintiffs,

v.                                    CASE NO. 8:14-CV-02975-RAL-MAP

GRANT MASON HOLDINGS, INC., GRANT
MASON LLC, MIDWEST MAIL HOUSE, LLC,
MEDIA SOLUTIONS TEAM LLC, RANDAL
PIKE, JESSICA PIKE, GRANT MAYFIELD,
DARRYL MAYFIELD, PAUL FREEMAN,
HUNG NGUYEN, IDEAGEAR LLC and
PRINT MAIL DESIGN, LLC,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

    **COME NOW** Plaintiffs, by and through their undersigned counsel and move this Court for entry of a default judgment against Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC, with damages to be determined at trial, and state that the Clerk has entered defaults against Ideagear, LLC (Dkt. No. 103), Grant Mason Holdings, Inc. (Dkt. No. 104), Grant Mason, LLC (Dkt. No. 105), Midwest Mail House, LLC (Dkt. No. 106), Media Solutions Team, LLC (Dkt. No. 107), and Print Mail Design, LLC (Dkt. No. 108), and the Court has struck the lone pending counterclaim against Plaintiffs. Accordingly, Plaintiffs are entitled to a default judgment against the above identified defendants and to a finding of the following admitted facts:

    1.    Grant Mason, L.L.C. did not meet the conditions precedent to Closing on the Membership Interest Purchase Agreement attached as Exhibit A to the Second Amended

Complaint. Specifically, Grant Mason did not:

    a. Pay the $125,000 in cash or certified funds to New Directions Partners, LLC;

    b. Cause all personal guarantees of the Sellers (or either of them) in place to secure obligations of the Company to be extinguished. Specifically, Grant Mason did not satisfy or cause the release of personal guarantees from the following obligations:

        i.      Loan from Regions Bank, an Alabama banking corporation, dated October 17, 2013, in the principal amount of $297,353.99 (the "Regions Loan").

        ii.     Credit Card account with Bank of America

        iii.    Credit Card account with American Express

        iv.    Credit Card account with Bp

        v.     Credit Card Processing Account with Elavon, Inc.

2.    Because Grant Mason L.L.C. did not meet the conditions precedent to Closing, the transfer of the Plaintiffs' membership interests in Ideagear, LLC was ineffective.

3.    Although Grant Mason L.L.C. did not meet the conditions precedent to Closing, it took control over the operations and assets of Ideagear, LLC.

4.    Grant Mason L.L.C. has been operating Ideagear, LLC in a manner contrary to the public policy of the State of Florida. Specifically, Grant Mason L.L.C. has not paid creditors of Ideagear, LLC, not paid employees of Ideagear, LLC, and not paid employment and sales taxes owed by Ideagear, LLC.

5.    None of the Defendants have any right to the assets of Ideagear, LLC.

6.    Grant Mason Holdings and Grant Mason LLC did not fulfill any of the obligations to Plaintiffs in the Closing Documents.

7.    Grant Mason Holdings, Inc. did not pay the income and benefits promised to Plaintiffs in the Contractor Agreements attached to the Second Amended Complaint as Exhibits F and G.

8.    Grant Mason Holdings, Inc. and Grant Mason, L.L.C. did not make the payments

on the Promissory Notes attached to the complaint as Exhibits B and C.

9. Grant Mason Holdings, Inc., and Grant Mason, L.L.C. have made fraudulent misrepresentations to Plaintiffs which caused damages to Plaintiffs.

10. Grant Mason Holdings, Inc., and Grant Mason, L.L.C. are liable to Plaintiffs on Count I of the Second Amended Complaint for their fraudulent misrepresentations.

11. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC are joined together as an association-in-fact enterprise for the purpose of furthering the goals of their enterprise.

12. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC use a pattern of racketeering activity to accomplish the fraudulent goals of the enterprise.

13. The goal of Defendants' enterprise is to obtain the assets, customer lists, and credit of print companies, max out the credit of the target company, take all cash and assets for personal gain and use, default on all obligations, and leave the Sellers and financiers with all the liabilities.

14. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC jointly and severally, have colluded and engaged in fraudulent and illegal acts which took place in interstate commerce and which constituted acts of wire fraud, mail fraud, bank fraud, and extortion.

15. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC used the mail to further their conspiracy, communicating with customers, lenders, and vendors through the mail.

16. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC used wires, as the term is defined above, to further their conspiracy, transferring funds via wire transfer, and communicating with Plaintiffs, customers, lenders, and vendors through wire.

17. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC committed bank fraud in furtherance of their conspiracy, taking out loans from financial institutions and promising to repay those

loans without any intention to repay those funds.

18. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC have violated 18 U.S.C. § 1962, causing damages to Plaintiffs.

19. The activities of the enterprise of Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC constitute a pattern of racketeering activity in that the activities were both continuous and related: the false acts were all intended to induce many people to sell their business income, customers, and assets or to finance the acquisition of such income, customers, and assets under false pretenses. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC, by and through their fraud and false misrepresentations, induced and/or attempted to induce many persons to sell their assets or provide financing to them.

20. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC received income, assets, and benefits from the enterprise.

21. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC used the income, assets, reputation and benefits of the companies acquired to further their scheme and spread the fraud to acquire other companies in a similar manner.

22. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC conducts or participates directly or indirectly in the conduct of the enterprise's affairs.

23. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC are liable to Plaintiffs on Counts II, III, and IV of the Second Amended Complaint for damages sustained in violation of their conduct under 18 U.S.C. § 1962.

24. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC received the income, customer

contacts, and assets of Ideagear without providing any compensation to Plaintiffs.

25. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC jointly and severally, have retained the benefit of the work, time, effort, and confidential and proprietary information of Plaintiffs and of the assets of Ideagear.

26. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC were unjustly enriched and are liable to Plaintiffs on Count V of the Second Amended Complaint for damages.

27. Grant Mason Holdings, Inc. breached the Contractor Agreement attached to the Second Amended Complaint as Exhibit F and is liable to James Newell White on Count VI of the Second Amended Complaint for damages.

28. Grant Mason Holdings, Inc. breached the Contractor Agreement attached to the Second Amended Complaint as Exhibit G and is liable to Adam White on Count VII of the Second Amended Complaint for damages.

29. Grant Mason, L.L.C. breached the membership purchase agreement attached to the Second Amended Complaint as Exhibit A, causing damages to Plaintiffs.

30. Grant Mason, L.L.C. is liable to Plaintiffs on Count VIII for breach of the membership purchase agreement.

31. Grant Mason Holdings, Inc. and Grant Mason, L.L.C breached the Promissory Note attached to the Second Amended Complaint as Exhibit B, causing damages to James Newell White.

32. Grant Mason Holdings, Inc. and Grant Mason, L.L.C are liable to James Newell White on Count IX for breach of Promissory Note.

33. James Newell White is entitled to a late fee in the amount of 5% for each month payments were not made.

34. James Newell White is entitled to contractual interest at .32% per annum.

35. James Newell White is entitled to the entire principal balance, together with late fees and interest.

36. James Newell White is entitled to his attorneys' fees and costs of collection.

37. Grant Mason Holdings, Inc. and Grant Mason, L.L.C breached the Promissory Note attached to the Second Amended Complaint as Exhibit C, causing damages to Adam White.

38. Grant Mason Holdings, Inc. and Grant Mason, L.L.C are liable to Adam White on Count X for breach of Promissory Note.

39. Adam White is entitled to a late fee in the amount of 5% for each month payments were not made.

40. Adam White is entitled to contractual interest at .32% per annum.

41. Adam White is entitled to the entire principal balance, together with late fees and interest.

42. Adam White is entitled to his attorneys' fees and costs of collection.

43. Grant Mason Holdings, Inc. and Grant Mason, L.L.C breached the Pledge Agreement attached to the Second Amended Complaint as Exhibit D, causing damages to James Newell White.

44. Grant Mason Holdings, Inc. and Grant Mason, L.L.C are liable to James Newell White on Count XI for breach of the Pledge Agreement.

45. Grant Mason Holdings, Inc. and Grant Mason, L.L.C breached the Pledge Agreement attached to the Second Amended Complaint as Exhibit E, causing damages to Adam White.

46. Grant Mason Holdings, Inc. and Grant Mason, L.L.C are liable to Adam White on Count XII for breach of the Pledge Agreement.

47. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC took assets, income, and benefits from Ideagear, LLC and Plaintiffs by false pretenses and trickery, causing damages to Plaintiffs.

48. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC are liable to Plaintiffs on Count XIII for Conversion.

49. Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC have committed unfair and deceptive trade practices against Plaintiffs in violation of FDUTPA, Florida Statute § 501.201, et seq.,

causing damages to Plaintiffs.

50.     Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC are liable to Plaintiffs on Count XV for violation of Florida's Deceptive and Unfair Trade Practices Act.

**WHEREFORE** Plaintiffs respectfully request entry of the following judgments, with the amount of damages to be determined at trial:

1. Judgment in favor of Plaintiffs and against Grant Mason Holdings, Inc., and Grant Mason, L.L.C. on Count I of the Second Amended Complaint for fraudulent misrepresentations.
2. Judgment in favor of Plaintiffs and against Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC on Counts II, III, and IV of the Second Amended Complaint for damages sustained in violation of their conduct under 18 U.S.C. § 1962.
3. Judgment in favor of Plaintiffs and against Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC on Count V of the Second Amended Complaint.
4. Judgment in favor of James Newell White and against Grant Mason Holdings, Inc. on Count VI for breach of the Contractor Agreement.
5. Judgment in favor of Adam White and against Grant Mason Holdings, Inc. on Count VII for breach of the Contractor Agreement.
6. Judgment in favor of Plaintiffs and against Grant Mason, L.L.C. on Count VIII for breach of the membership purchase agreement.
7. Judgment in favor of James Newell White and against Grant Mason Holdings, Inc. and Grant Mason, L.L.C on Count IX for breach of Promissory Note.
8. Judgment in favor of Adam White and against Grant Mason Holdings, Inc. and Grant Mason, L.L.C on Count X for breach of Promissory Note.
9. Judgment in favor of James Newell White and against Grant Mason Holdings, Inc. and Grant Mason, L.L.C on Count XI for breach of the Pledge Agreement.

10. Judgment in favor of Adam White and against Grant Mason Holdings, Inc. and Grant Mason, L.L.C on Count XII for breach of the Pledge Agreement.

11. Judgment in favor of Plaintiffs and against Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC on Count XIII for Conversion.

12. Judgment in favor of Plaintiffs and against Grant Mason Holdings, Inc., Grant Mason, LLC, Midwest Mail House, LLC, Media Solutions Team, LLC, and Print Mail Design, LLC on Count XV for violation of Florida's Deceptive and Unfair Trade Practices Act.

Respectfully submitted this 31st day of January, 2015.

**CLAPP BUSINESS LAW, LLC**

By: /s/ Mary M. Clapp
Mary M. Clapp, FBN 962341
mary@clappbusinesslaw.com
2518 S. Campbell Ave.
Springfield, MO  65807
(417) 894-2920
(417) 890-1635 (facsimile)
Attorney for Plaintiffs

The undersigned hereby certifies that a true and correct copy of this Motion for Default Judgment was served on all parties authorized to receive service through the Court's electronic filing system this 31st day of January, 2017 and via U.S. Mail to all other Defendants having valid addresses filed with the Court.

By: /s/ Mary M. Clapp
Mary M. Clapp, FBN 962341